# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕱𝖊𝖉𝖊𝖗𝖆𝖑 𝕮𝖑𝖆𝖎𝖒𝖘

No. 19-216C

(Filed: May 31, 2019)

| | | |
|---|---|---|
| **ALONZA MONROE,** | ) | Claim for refund of garnishment of Army |
| | ) | retirement pay; applicability of the |
| **Plaintiff,** | ) | Uniformed Service Former Spouses' |
| | ) | Protection Act; 10 U.S.C. § 1408 |
| **v.** | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

Alonza Monroe, *pro se*, Elgin, Oklahoma.

Borislav Kushnir, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Mickey Lee, Assistant Counsel, Office of the General Counsel, Defense Finance and Accounting Service.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Sergeant First Class Alonza Monroe, U.S. Army (ret.), has brought suit against the United States (the "government"), acting through the Defense Finance and Accounting Service ("DFAS"), seeking refund of the garnishment of his Army retirement pay and an order halting future garnishment. Compl. at 1-3; Ex. E.[1] DFAS started garnishing Mr. Monroe's retirement pay in August 2018 after approving a claim made by his former spouse pursuant to the terms of their divorce. Exs. A, B. The government has moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss the Compl. ("Def.'s Mot."), ECF No. 5.

Mr. Monroe's complaint appends five exhibits. Exhibit A consists of a letter dated July 12, 2018, from DFAS to Mr. Monroe notifying him of impending garnishment of 29.2% of his

---

[1]Citations to the complaint correspond to the page numbering as reproduced in the court's Electronic Case Filing System. The complaint also incorporates five exhibits, citations to which (*i.e.*, Exs. A through E) correspond to the designations as identified by the complaint, but the page numbering reflects that reproduced in the court's Electronic Case Filing System.

retirement pay after receiving an application by his former spouse. Exhibit B contains attachments to the DFAS notification letter, consisting of (1) a 2012 order from the Superior Court of California, County of San Bernardino ("Superior Court") that grants his former spouse an interest in his retirement pay as part of their marriage dissolution and (2) a copy of the dissolution judgment. Exhibit C provides selected Department of Defense regulations regarding an application by a former spouse for receipt of a service-member's retirement pay. Exhibit D provides certified original copies of the marriage dissolution judgment and the marital settlement agreement. Exhibit E is a copy of Mr. Monroe's retirement pay statement from August 2018, which shows a garnishment of $819.62 from $2,806.00 of monthly retirement benefits before taxes.

Because this court lacks subject-matter jurisdiction, the government's motion to dismiss Mr. Monroe's complaint is GRANTED.

## BACKGROUND

Mr. Monroe separated from his spouse in May 2012 and filed for dissolution in July 2012. Ex. D at 7. His marriage was dissolved in January 2013 by the Superior Court pursuant to a judgment filed on December 6, 2012. Ex. B at 2-3, 12. A subsequent Superior Court order dated December 11, 2012, found that Mr. Monroe's spouse had an interest in his military retirement benefits as part of a division of community property and prescribed a formula to calculate her entitlement. *See* Ex. B at 2-4.

DFAS received an application from Mr. Monroe's former spouse for her share of the retirement pay, and notified Mr. Monroe of her application in a letter dated July 12, 2018. Ex. A. The letter calculated his spouse's entitlement at 29.2% based upon the 2012 Superior Court order and provided a certified copy of that order. Ex. A. The 2012 order was certified as an accurate copy by the clerk of the pertinent court on June 18, 2018. Ex. B at 10. The letter explained that the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, permitted garnishment upon receipt of a final court order that divided retirement pay as part of a divorce proceeding. Ex. A. The letter also explained that if Mr. Monroe did not contest the application within 30 days, DFAS would honor the Superior Court order and initiate payments to his former spouse in August 2018. Ex. A. Garnishment commenced in August 2018. Ex. E.

## STANDARDS FOR DECISION

### *Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc.*

*v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Mr. Monroe, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[2] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

Mr. Monroe contends that DFAS initiated the garnishment "without any or all required certified documents" and contrary to the requirements of the Uniformed Services Former Spouses' Protection Act. Compl. at 2. Mr. Monroe asserts that the "required court documents to even initiate garnishment [were] not in possession of [his] former spouse or DFAS until after official notification of garnishment," arguing DFAS had approved garnishment by June 12, 2018, but relied upon a court order certified June 18, 2018. Compl. at 2. Mr. Monroe also may suggest that the Superior Court's order was improper because it was contrary to an earlier settlement agreement between him and his former spouse regarding division of property. Compl. at 2.

The government argues that this court lacks jurisdiction under the language of the Uniformed Services Former Spouses' Protection Act because that Act disclaims a waiver of sovereign immunity when garnishment occurs pursuant to a court order that is regular on its face and issued in accordance with applicable procedure. Def.'s Mot. at 4-5. The government contends that the court order is facially valid under the terms of the statute and that Mr. Monroe makes no plausible assertion that DFAS did not follow applicable procedures, specifically asserting that Mr. Monroe misread the dates of the referenced documents. *Id.* at 5-6 (commenting that the DFAS notice is dated July, not June, 2018).

Mr. Monroe has not specified the basis for the court's jurisdiction, but the Tucker Act permits the court to hear "any claim against the United States founded [] upon . . . any Act of Congress." 28 U.S.C. § 1491(a). Mr. Monroe's entitlement to retirement pay and the amount of

---

[2] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

that pay does rest upon statute. *See, e.g.,* 10 U.S.C. §§ 7329, 7361. But another statute, the Uniformed Services Former Spouses' Protection Act, provides in pertinent part:

> (f) Immunity of Officers and Employees of United States.–(1) The United States and any officer or employee of the United States shall not be liable with respect to any payment made from retired pay to any member, spouse, or former spouse pursuant to a court order that is regular on its face if such payment is made in accordance with this section and the regulations prescribed pursuant to subsection (i).[3]

10 U.S.C. § 1408(f)(1).

This court has previously treated 10 U.S.C. § 1408(f)(1) as a limitation of the United States' waiver of sovereign immunity. *Goad v. United States,* 24 Cl. Ct. 777, 785-86 (1991), *aff'd,* 976 F.2d 747 (Fed. Cir. 1992); *see also Baka v. United States,* 74 Fed. Cl. 692, 697 (2006); *Mora v. United States,* 59 Fed. Cl. 234, 239 (2003). Accordingly, if the Superior Court's order appears facially valid and if Mr. Monroe has not made a plausible attack on DFAS' adherence to applicable procedure, substantive law removes a right to money damages, and thus this court lacks jurisdiction to inquire further. *E.g., Baka,* 74 Fed. Cl. at 697 (*quoting Mora,* 59 Fed. Cl. at 240).

The Uniformed Services Former Spouses' Protection Act provides that "a court order is regular on its face if the order (A) is issued by a court of competent jurisdiction; (B) is in legal form; and (C) includes nothing on its face that provides reasonable notice that is issued without authority of law." 10 U.S.C. § 1408(b)(2); *see also, e.g., Baka,* 74 Fed. Cl. at 698. The court order upon which DFAS relied, *see* Ex. B at 2-9, appears facially valid. The court order identifies that it was issued by the California Superior Court for San Bernardino County. Ex. B at 2. It bears the signatures of Mr. Monroe, his former spouse, and a judge of the Superior Court. Ex. B at 9. It also is attended by a certification from the clerk of the court. Ex. B at 10. These characteristics sufficed for facial regularity in both *Baka,* 74 Fed. Cl. at 698, and *Mora,* 59 Fed. Cl. at 240, and will suffice here as well.

The Uniformed Services Former Spouses' Protection Act provides that the Department of Defense must commence payments upon effective service, *see* 10 U.S.C. § 1408(d)(1), which occurs upon receipt of a court order that is facially valid, identifies the service-member, and complies with the Servicemember Civil Relief Act, *see id.* § 1408(b)(1). The court order appears facially valid, identifies Mr. Monroe, and attests to compliance with the Servicemember Civil Relief Act. *See* Ex. B at 2-3, 5-6. Because Mr. Monroe was the petitioner for dissolution of the marriage, the Superior Court would have had personal jurisdiction over Mr. Monroe. *See, e.g.,* Ex. B at 2; Ex. D at 3. The Department of Defense may prescribe regulations to administer Section 1408, *see* 10 U.S.C. § 1408(j), and these appear in the Department's Financial Management Regulation, DoD 7000.14-R, vol. 7B, ch. 29 (2017). The Superior Court's order

---

[3] The reference to subsection (i) likely is intended to refer to subsection (j). *Compare* 10 U.S.C. § 1408(i) ("Certification Date"), *with id.* § 1408(j) ("Regulations"); *see also* Pub. L. No. 104-193, § 363(c)(1), 110 Stat. 2249 (1996) (adding a new subsection (i) and designating the old subsection (i) as subsection (j)).

contains the information required by the regulations, such as appearing facially regular, providing the spouse's entitlement, and providing grounds for personal jurisdiction. *See id.* § 2906. Mr. Monroe also received the notice as required by regulations. *See id.* § 2905.

Mr. Monroe's complaint does not allege any plausible factual basis for questioning whether DFAS adhered to procedure. Mr. Monroe does raise two challenges that implicate facial validity or procedure, but neither are plausible even when viewed in a light most favorable to Mr. Monroe. First, Mr. Monroe contends that DFAS could not have relied upon the court order because the notification letter preceded the certification of the court order by at least six days. Compl. at 2. But the documents provided by Mr. Monroe show that he has misread the dates. The clerk of the Superior Court certified the order on June 18, 2018. *See* Ex. B at 10 ("6-18-18"). The DFAS notification letter is dated *July* 12, 2018, Ex. A at 2 (dated "Jul 12, 2018"), not *June* 12, as he contends, Compl. at 2 (asserting "6-12-18"). Second, Mr. Monroe labels the court order as "uncertified" and "unsigned." Compl. at 2. But, as noted, the court order provided by Mr. Monroe indicates the opposite. *See* Ex. B at 9-10. The only signature not appearing is that of Mr. Monroe's attorney, *see* Ex. B at 9, but the court does not see how this omission would invalidate the judge's order, let alone represent facial invalidity. Mr. Monroe may be referring to his not having signed the marital settlement agreement appended to the dissolution judgment, *see* Ex. D at 12, but that would not affect the validity, facial or otherwise, of the subsequent and signed Superior Court order upon which DFAS relied.

Finally, to the extent Mr. Monroe challenges the Superior Court's order, this court is without jurisdiction to hear such a claim. The Tucker Act does not grant this court appellate review over state court decisions, and instead permits this court only to hear suits against the United States. *See* 28 U.S.C. § 1491(a).

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Monroe's complaint is GRANTED. Mr. Monroe's complaint shall be DISMISSED without prejudice. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED.**

_____
Charles F. Lettow
Senior Judge